## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| MATTHEW R., | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 1:24-CV-00231-MSM-PAS |
| FRANK BISIGNANO, Commissioner, Social Security Administration, | ) |
| Defendant. | ) |

### ORDER

Mary S. McElroy, United States District Judge.

This matter comes before the Court on the plaintiff, Matthew R.'s, Motion to Reverse (ECF No. 9) and the defendant, Frank Bisignano, Commissioner of the Social Security Administration's, Motion to Affirm (ECF No. 11) the denial by an Administrative Law Judge ("ALJ") of Disability Insurance Benefits and Supplemental Security Income under 42 U.S.C. § 405(g). The plaintiff has objected to the Report and Recommendation ("R&R") of Magistrate Judge Patricia A. Sullivan (ECF No. 12), which recommends that the Court deny the plaintiff's Motion to Reverse and grant the defendant's Motion to Affirm.

The plaintiff filed his applications alleging disability beginning March 1, 2020, based primarily on bipolar disorder, anxiety, impulse control disorder, and substance use disorder. After a hearing, the ALJ issued a decision finding plaintiff not disabled.

The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner.  The plaintiff timely appealed.

Pursuant to the Federal Rules of Civil Procedure, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).  In reviewing the record, however, "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive…." 42 U.S.C. § 405(g).  Finally, "[q]uestions of law are reviewed de novo…." *Seavey v. Barnhart,* 276 F.3d 1, 9 (1st Cir. 2001).

The plaintiff objects that Magistrate Judge Sullivan erred in upholding the ALJ's treatment of opinion evidence and post-hearing records.  He contends the ALJ wrongly rejected psychiatric consultant Dr. Killenberg's finding that he would be prone to occasional irritable outbursts with supervisors, and that subsequent treatment records showed worsening of his condition.  He further argues that the ALJ's statement that the record contained no documentation of outbursts with supervisors was "unequivocally wrong," and that the R&R improperly excused this error.  And he maintains that additional records submitted after the state-agency reviews required remand for reconsideration by an updated expert.

The Court disagrees.  As Magistrate Judge Sullivan correctly recognized, the ALJ carefully considered the full record, including both earlier and later treatment notes, and reasonably concluded that while plaintiff experiences social limitations, the evidence does not substantiate a persistent propensity for outbursts directed at supervisors.  (ECF No. 12 at 13-17.)   The ALJ permissibly found Dr. Killenberg's

more extreme limitation unsupported and inconsistent with the record as a whole, which reflected largely cooperative demeanor, improvement with medication, and no documented workplace incidents with supervisors. *Id.* at 15-17. Likewise, the ALJ properly determined that post-file-review records confirmed, rather than contradicted, her RFC assessment: occasional irritability was linked to medication lapses or alcohol use and resolved with treatment, and the overall picture remained consistent with the medical evidence already considered. *Id.* at 18-19.

Resolving such conflicts is the role of the ALJ, and the Court will not reweigh the evidence where substantial support exists for the decision.

This Court's review is independent, and after carefully considering the objections and the record, it reaches the same conclusion as Magistrate Judge Sullivan. The Court therefore ACCEPTS the R&R (ECF No. 12), adopting both the recommendation and reasoning set forth therein. Accordingly, the Motion to Reverse (ECF No. 9) is DENIED and the Motion to Affirm (ECF No. 11) is GRANTED.

IT IS SO ORDERED.

Mary S. McElroy
United States District Judge

September 17, 2025